UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA

                                                                                                      05 CR 402
                                                                                OPINION & ORDER

      -against-

WALTER GONZALEZ-RIVERA,
                                      Defendant.
-------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

I.      **<u>Background</u>**

        On November 20, 2007, Walter Gonzalez-Rivera ("Defendant") was sentenced to 188 months' imprisonment for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. At sentencing, the Court assigned Defendant three criminal history points for his prior New York state conviction for driving while ability impaired by alcohol ("DWAI").[1]

---

[1] Defendant was convicted of a DWAI offense, in violation of section 1192(1) of New York's Vehicle and Traffic Law ("VTL"), after he drove through a steady red light while impaired by alcohol. Defendant was sentenced to one year of conditional discharge, a 90-day suspension of his driver's license, treatment for alcohol abuse, and a $500 fine.
      The Presentence Report recommended that the Court assign one criminal history point for the DWAI conviction, pursuant to United States Sentencing Guidelines ("Guidelines") section 4A1.1(c), and an additional two points because Defendant was on conditional discharge at the time he committed the offense, pursuant to section 4A1.1(d).
      The resulting three criminal history points placed Defendant in criminal history category II. At the initial sentencing hearing on August 16, 2007, the Court found that placing Defendant in category II based on his prior DWAI offense vastly overstated the seriousness of that offense, and therefore departed downward to criminal history category I, pursuant to section 4A1.3.
      Although the Court departed downward, because Defendant was placed in category II prior to that departure, by operation of section 4A1.3(b)(3)(B) Defendant remained ineligible for

1

Defendant appealed from his conviction, and, on March 14, 2011, the Second Circuit remanded the case to this Court. The Second Circuit held that Defendant's DWAI conviction should not have been counted toward his criminal history calculation, absent a determination by this Court that the DWAI conviction was "categorically more serious" than reckless driving, one of the offenses listed in section 4A1.2(c)(1). (See Second Circuit Remand Order, Dkt. Entry No. 198, at 12 (hereinafter "Remand Order").) The Second Circuit asked this Court to decide "whether [Defendant's DWAI] conviction should be counted or excluded under section 4A1.2(c)(1), and how that determination might affect [Defendant's] sentencing." (Id.)

## II.     Legal Standards

Section 4A1.2(c) of the Guidelines identifies criteria used by sentencing courts to determine whether a prior sentence is included or excluded from the criminal history calculation.

Although all felony offenses are counted for criminal history purposes, certain misdemeanors and petty offenses are not always counted. Specifically, section 4A1.2(c)(1) provides that prior sentences for certain enumerated misdemeanors and petty offenses—and offenses similar to (i.e. not "categorically more serious than")[2] those enumerated offenses—are counted toward a defendant's criminal history only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to the instant offense for which the defendant is now being sentenced. See U.S.S.G. §

---

a sentence below the mandatory minimum of ten years' imprisonment, and ineligible for a two-point reduction in his offense level, pursuant to the safety valve provision of the Guidelines.

[2] When evaluating whether an offense is "similar to" an offense enumerated in section 4A1.2(c), a court must ask "whether the unlisted offense under scrutiny is categorically more serious than [i.e., not similar to"] the listed offense to which it is being compared." United States v. Ubiera, 486 F.3d 71, 74 (2d Cir. 2007) (emphasis added). Thus, from heron in, the Court will evaluate whether the unlisted offense is "categorically more serious than" the listed offense.

4A1.2(c)(1). One of those enumerated misdemeanors in section 4A1.2(c)(1) is "careless or reckless driving." Id. § 4A1.2(c)(1).

With respect to Defendant's prior DWAI conviction, the Second Circuit stated that this conviction "should be treated like any other misdemeanor or petty offense" and analyzed under section 4A1.2(c)(1). (Remand Order at 11.) The Second Circuit also stated that neither of the two exceptions in section 4A1.2(c)(1) applies to Defendant's prior DWAI conviction. (Id. at 12.)[3] Thus, Defendant's DWAI offense will count toward his criminal history only if it is categorically more serious than a reckless driving offense.

In determining whether the unlisted offense (DWAI) is "categorically more serious" than the listed offense (reckless driving), a district court may consider several factors, including "[1] a comparison of the punishments imposed for the listed and unlisted offenses, [2] the perceived seriousness of the offenses as indicated by the level of punishment, [3] the elements of the offenses, [4] the level of culpability involved, [5] the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct[,]" as well as (6) the actual conduct involved, and (7) the actual penalty imposed. (See Remand Order at 12 (citing United States v. Potes-Castillo, 638 F.3d 106, 113-14 (2d Cir. 2011) and United States v. DeJesus-Conception, 607 F.3d 303, 304 (2d Cir. 2010).)

### III.   Application to Facts

---

[3] Defendant received no term of imprisonment for his DWAI conviction, and his DWAI conviction is not similar to the instant offense for which he is now being sentenced (conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin). Id. at 12.

Defendant's DWAI offense will count toward his criminal history only if it is categorically more serious than reckless driving. The Court will thus compare the two offenses, using the factors listed above.

A.  Comparison of Punishments Mandated by Law[4] and the Perceived Seriousness of the Offenses as Indicated by Those Levels of Punishment

The Court must compare (1) the punishments mandated by the DWAI law with those mandated by the reckless driving law; and (2) the perceived seriousness as indicated by those levels of punishment.

Under VTL section 1193(1), a DWAI offense is a traffic violation, and is not a crime. See VTL § 1193(1); see also VTL § 155 ("A traffic infraction is not a crime and the punishment imposed therefore shall not be deemed for any purpose a penal or criminal punishment." ). By contrast, someone who has been convicted of reckless driving has committed a misdemeanor. See VTL § 1212 ("Every person violating this provision [reckless driving] shall be guilty of a misdemeanor.").

A first-time DWAI offense is punishable by a term of imprisonment not to exceed 15 days, and/or a fine between $300 and $500. See VTL § 1193(1)(a).[5] A first-time reckless

---

[4] Although the Second Circuit articulates the first factor as a comparison of the "punishments imposed for the listed and unlisted offenses," this Court finds it clearer to articulate the first factor as a comparison of the "punishments mandated by law for the listed and unlisted offenses," so as not to confuse the first factor with the seventh factor, "actual penalty imposed."

[5] "A [DWAI] . . . shall be a traffic infraction and shall be punishable by a fine of not less than three hundred dollars nor more than five hundred dollars or by imprisonment in a penitentiary or county jail for not more than fifteen days, or by both such fine and imprisonment." VTL § 1193(1)(a).

driving offense is punishable by a term of imprisonment not to exceed 30 days and/or a fine not to exceed $300.  Id. § 1801.[6]

For second-time offenders, the maximum term of imprisonment for a DWAI offense is 30 days, and for a reckless driving offense is 90 days.  Id. §§ 1193, 1801.

A DWAI offense carries a mandatory 90-day suspension of one's driver's license; a reckless driving offense does not.  Id. § 1193.

With respect to the perceived seriousness of the offenses as reflected by the levels of punishment imposed by law, the Government argues that the legislature's view that a DWAI is more serious is reflected by the facts that (1) DWAI penalties increase in severity if the DWAI offender is driving a "special vehicle" (e.g., a taxicab or school bus with passengers), but reckless driving penalties contain no such provision; (2) a DWAI offender who commits the same offense within 5 years faces increased penalties, whereas a reckless driving offender who commits the same offense within 18 months faces increased penalties (reflecting a desire to deter DWAI offenses for a longer period of time); and (3) a DWAI offense carries a mandatory minimum fine, whereas a reckless driving offense does not.[7]

---

[6] "Every person convicted of a misdemeanor [including reckless driving] shall for a first conviction thereof be punished by a fine of not more than three hundred dollars or by imprisonment for not more than thirty days or by both such fine and imprisonment."  VTL §1801.

[7] The Government's third statement is incorrect.  There is no "mandatory" fine with respect to a DWAI offense.  It is true that, if a court chooses to impose a fine for a DWAI offense, it must impose a minimum amount of $300, whereas there is no minimum fine for a reckless driving offense.  However, a court is not required to impose any fine; it may impose a fine, a term of imprisonment, or both.

The Government also notes that the New York Court of Appeals has described the statutory scheme behind the DWAI law as "distinct" and "highly integrated" with "exclusive penalties." See People v. Prescott, 95 N.Y. 2d 655, 663 (2001). The Government contends that there is no comparable discussion of a statutory scheme with respect to reckless driving.

C.  A Comparison of the Elements of the Offenses

The Court compares the elements of a DWAI offense with the elements of a reckless driving offense, as follows.

With respect to a DWAI offense, NY VTL § 1192(1) states that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."[8] With respect to a reckless driving offense, NY VTL § 1212 provides that "[r]eckless driving shall mean driving or using any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway."

Although both DWAI and reckless driving involve violations of the VTL, the Government contends that the DWAI statute covers a broader range of conduct. The Government notes that a person is guilty of a DWAI offense simply if she "operates her motor vehicle" while her ability is impaired. Id. § 1192. By contrast, reckless driving means driving or using any motor vehicle "in a manner which unreasonably interferes with the free and proper use of the public highway," id. § 1212, and which creates "an actual and apparent, as opposed to a

---

[8] A DWAI offense requires "more than .05 BAC [blood alcohol content] to .07 BAC, or other evidence of impairment." See New York State Department of Motor Vehicles, http://www.nydmv.state.ny.us/alcohol-drug.htm (last visited October 5, 2011).

theoretical danger to the person or property of another." People v. Dipoumbi, 2009 WL 1395826, at *3 (N.Y. City Crim. Ct. (April 28, 2009)) (emphasis added).  A person can commit a DWAI offense without driving or operating a car in a way that involves a "public highway," and without creating "an actual and apparent danger to the person or property of another."[9]

D. The Level of Culpability Involved

The Court compares the level of culpability involved in DWAI offenses with the level of culpability involved in reckless driving offenses, as follows.

Defendant contends that there is no meaningful distinction between the levels of culpability involved in a DWAI offense and a reckless driving offense.

The Government, however, notes that operating a vehicle in a manner that some might consider reckless does not constitute the offense of reckless driving.  See, e.g., People v. Bulgin, 908 N.Y.S.2d 817, 825-26 (N.Y. Sup. Ct. Bx. 2010) (finding no probable cause to arrest for reckless driving when "defendant drove five to 15 miles above the speed limit and failed to stop at one stop sign and two steady red lights . . . but there was no evidence that any pedestrians or other drivers were affected in any way").  The Government notes that Defendant's own actions—driving through a red light while impaired by alcohol—would not support a New York reckless driving conviction unless his actions unreasonably interfered with the free and proper use of the public highway and created "an actual and apparent, as opposed to a theoretical danger to the person or property of another." Dipoumbi, 2009 WL 1395826, at *3.  By contrast, any

---

[9] The Government also notes that New York courts have held that the term "operating" (used in the DWAI statute) is broader than the term "driving" (used in the reckless driving statute). (Gov. Mem. at 4.)  However, the reckless driving statute also includes the term "using."

individual who has consumed alcohol and whose ability to operate a vehicle is impaired as a result can be convicted of a DWAI offense.

### E. The Likelihood of Recurring Criminal Conduct

The Court compares the likelihood of recidivism among DWAI offenders and reckless driving offenders, as follows.

Defendant argues that a person who drives while his ability is impaired by alcohol and a person who drives recklessly both tend to be recidivists.

The Government notes that individuals who repeatedly engage in reckless driving may not always be liable under the reckless driving statute, for the reasons stated above in Sections D & E. By contrast, any individual who has consumed alcohol and whose ability to operate a vehicle is impaired as a result can be convicted of a DWAI offense. The Government contends that this distinction demonstrates an increased likelihood of recidivism with respect to DWAI offenses.[10]

### F. Actual Conduct and Actual Penalty Imposed

The Court also considers Defendant's <u>actual</u> conduct and the <u>actual</u> penalty imposed on Defendant, for his DWAI offense, as follows.

Defendant was convicted of a DWAI offense after he drove through a steady red light while impaired by alcohol. The punishment imposed on Defendant for that offense was a one-year term of unsupervised "conditional discharge," a 90-day suspension of his driver's license, treatment for alcohol abuse, and a $500 fine.

---

[10] The Government also argues that the DWAI statute "concerns a type of conduct [alcohol consumption] that, by its very nature, is likely to recur over and over again." (Gov. Mem. at 6.)

G.     Summary of All Factors

The chart below summarizes the factors relevant to a comparison of the offense of DWAI and the offense of reckless driving.

|  | **Punishments Mandated by Law** | **Perceived Seriousness of Offenses as Reflected by those Mandated Punishments** | **Elements of the Offense** | **Level of Culpability** | **Likelihood of Recidivism** | **Actual Conduct and Actual Penalty** |
|---|---|---|---|---|---|---|
| **DWAI** | Traffic violation; not a crime. Fine of $300-$500 and/or maximum term of 15 days' imprisonment. For second-time offenders, maximum term of 30 days. Mandatory 90-day suspension of driver's license. | Severity of punishment increases when driving a "special vehicle." A DWAI offender who commits the same offense within five years faces increased penalties. DWAI's statutory scheme described by the New York Court of Appeals as "distinct" and "highly integrated" with "exhaustive penalties." | "No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." | Culpable if alcohol consumption impairs ability to operate motor vehicle. | Culpable if alcohol consumption impairs ability to operate motor vehicle. DWAI statute targets inherently addictive behavior. | Drove through a steady red light while impaired by alcohol. One-year term of unsupervised conditional discharge, a 90-day suspension of his driver's license, treatment for alcohol abuse, and a $500 fine. |
| **Reckless Driving** | Misdemeanor. Fine of up to $300 and/or maximum 30 days imprisonment. For second-time offenders, maximum term of 90 days. No mandatory suspension of one's driver's license. | A reckless driving offender who commits the same offense within 18 months faces increased penalties. | "Reckless driving [is] driving or using any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public | Culpable <u>only</u> if driving creates "an actual and apparent, as opposed to a theoretical danger to the person or property of another." | To be culpable, a person must not only drive recklessly, but must also find themselves in circumstances that interfere with or endanger others' use of public roads. |  |

| | | | highway, or unreasonably endangers users of the public highway." | | | |
|---|---|---|---|---|---|---|

After considering the above factors, the Court concludes that the DWAI offense is not categorically (i.e., without qualification or reservation) more serious than a reckless driving offense.

First and most significantly, a DWAI offense is a "traffic infraction," and is not a crime. By contrast, one who drives recklessly in New York commits a misdemeanor, a criminal offense. A non-criminal traffic infraction cannot be said to be "categorically (without qualification) more serious" than a criminal misdemeanor.

Second, the Government, in arguing that a DWAI offense is categorically more serious than a reckless driving offense, cites certain alcohol-related crimes with which Defendant was not charged, such as the increased penalty under the DWAI statute for driving a "special vehicle" while impaired, and the increased sentence for second-time DWAI offenders. However, the Court considers whether Defendant's actual conduct—driving through a steady red light while impaired by alcohol—is "categorically more serious" than the crime of reckless driving. Ubiera, 486 F.3d at 75. Defendant neither drove a special vehicle nor committed the offense more than once, and thus those circumstances have little bearing on the present analysis.

The Government emphasizes that a DWAI offender who recidivates within five years of his first offense faces increased penalties, whereas a reckless driver faces such increased penalties only if he recidivates within eighteen months. The Government suggests that this supports the conclusion that a DWAI offense is "categorically more serious" than a reckless

driving offense. However, (1) Defendant's DWAI offense was his first and only offense; (2) the increased penalty that attaches to a second DWAI offense is a maximum of 30 days' imprisonment, which is the same maximum sentence for a first-time reckless driving offender; and (3) a second-time DWAI offender is still guilty of a traffic infraction and not a crime. See N.Y. VTL § 1193(1).

### V. Conclusion

For the foregoing reasons, the Court finds that a DWAI offense cannot be said to be "categorically more serious" than a reckless driving offense. Accordingly, Defendant's DWAI offense is excluded from Defendant's criminal history calculation, pursuant to section 4A1.2(c)(1).

Counsel are directed to confer concerning a date for re-sentencing and dates for pre-sentence submissions, and to advise the Court's deputy of those dates by Friday, October 28, 2011. The parties' pre-sentence submissions must address, inter alia,: (1) whether the Court should impose a two-level increase in Defendant's offense level calculation for obstruction of justice, citing facts that support the position (see Remand Order at 4 n.1), and (2) Defendant's eligibility for safety-valve relief.

SO ORDERED.

Dated: New York, New York
       October /7, 2011

*Kimba M. Wood*
Kimba M. Wood
United States District Judge